IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LIBERTY INSURANCE CORPORATION, )
)
                         Plaintiff, )
)
-vs- )
)
EMPLOYEE LEASING SERVICES, INC. )
)
                         Defendant. )

```
FILED: JUNE 3, 2008
08CV3196          TG
JUDGE KENNELLY
MAGISTRATE JUDGE COX
```

## COMPLAINT

NOW COMES the Plaintiff, Liberty Insurance Corporation, by and through its attorney, James T. Barnes, Esq., and complaining against Defendant Employee Leasing Services, Inc., the Plaintiff respectfully states as follows:

### I.  PARTIES AND JURISDICTION

**1.**       At issue are insurance premiums owed by the Defendant to the Plaintiff in the total amount of $1,054,613.00.

**2.**       Plaintiff Liberty Insurance Corporation ("Liberty"), is an Illinois corporation whose principal place of business is located in the Commonwealth of Massachusetts.  Liberty is authorized by the applicable Illinois regulatory authorities to sell, service and otherwise engage in the insurance industry within the State of Illinois.

**3.**       Defendant Employee Leasing Services, Inc. ("ELS") is an Ohio corporation whose principal place of business is believed to be located in the State of Ohio.

**4.**       On information and belief, there is complete diversity of citizenship between the Plaintiff and the Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and court costs.

5. The jurisdictional basis for this action is Title 28 U.S.C. §1332(a), and venue is proper pursuant to Title 28 U.S.C. §1391(a).

## II.  THE ILLINOIS WORKERS' COMPENSATION ACT AND THE ILLINOIS ASSIGNED RISK PLAN

6. The Illinois Workers' Compensation Act ("the Act") provides statutory recovery for injured workers, and mandates that most employers must by law obtain workers' compensation insurance coverage to insure their entire employee exposure.  The Act broadly construes the definition of an employee.  Where an employer-employee relationship exists, an exposure arises for the insurance company that is providing workers' compensation insurance coverage to the employer. The insurance company's exposure exists independent of any agreement, statement, or actions on the employer's part and exists even where the employer breaches the insurance contract.  Neither the employer nor the employee can waive their rights, obligations or remedies arising under the Act.

7. Illinois employers who are unable to find an insurance company that will voluntarily sell them workers' compensation insurance may obtain coverage through the Illinois Workers' Compensation Insurance Assigned Risk Plan ("the Plan").

8. The Plan is a set of rules governing the assignment, administration, and issuance of policies written for eligible employers.  Under the Plan, an employer is required to apply for coverage by accurately completing a written application on an approved form.  More specifically, the employer is required to calculate the estimated annual premium, and to accurately report the location of its business activities; the nature of its business activities; the number of employees and the classification of those employees; the payroll by classification; the states where the employer has exposure; and the correct legal identity of the company seeking insurance.  The employer is also

required to certify that the employer has read and understood the statements made on the application form and that the information provided and statements made by the employer on the application form are true.

9.     Upon receipt of the application and premium deposit, and subject to the eligibility of the application based on the material representations contained in the application, the administrator of the Plan issues a written insurance binder to the employer and concurrently assigns the employer to an insurance company (also called a "servicing carrier"), who issues a policy of workers' compensation insurance in its own name and provides the requisite administrative services for the benefit of the insured employer and any claimants.

### III.  ALLEGATIONS

#### A:  Count One
#### Breach of Contract

10.     The Plaintiff realleges paragraphs 1-9 as if same were fully stated herein.

11.     On or about May 18, 2005, Defendant ELS submitted an application for workers' compensation insurance coverage to the Plan, and Liberty was assigned as the servicing carrier.

12.     Based on the Defendant's application, and in consideration of the Defendant's promise to pay premiums as they became due and owing, Plaintiff Liberty issued to Defendant ELS workers' compensation insurance policy #WC7-34S-382451-015 (which was later rewritten as policy #WC7-34S-382451-025), with coverage effective May 20, 2005.

13.     Policy #WC7-34S-382451-025 is a valid, binding and fully enforceable insurance contract.

14.     Pursuant to the terms of the insurance contract, the Defendant was required to pay, in full, all premiums when billed by the Plaintiff.

15.     The Defendant previously sought administrative relief, contesting the validity of the premium audit performed by the Plaintiff.  Following a hearing on the matter, on March 20, 2007, the Illinois Workers' Compensation Appeals Board ruled in Liberty's favor and upheld Liberty's audit.  The Defendant did not appeal the decision to the Division of Insurance.

16.     The Plaintiff has performed all conditions precedent required of it pursuant to the aforementioned policy's terms and conditions, as a result of which, and after allowing credit for all payments and credits due from the policy, there remain unpaid and outstanding premiums owing to the Plaintiff by the Defendant.

17.     The amount presently due, outstanding and owing to the Plaintiff by the Defendant for insurance coverage provided under policy #WC7-34S-382451-025 is $1,054,613.00.

18.     The Plaintiff has made due demand upon the Defendant to pay said balance, but the Defendant has, without just cause, refused to do so.

19.     The Defendant's failure to pay premiums that are due and owing constitutes a breach of the insurance contract.

WHEREFORE, the Plaintiff, Liberty Insurance Corporation, prays for judgment against Defendant Employee Leasing Services, Inc., in the amount of $1,054,613.00, plus costs arising from the necessity of bringing this action, and all other relief this Honorable Court deems fair and just.

### B:  Count Two
### Statutory Recovery of Interest

20.     The Plaintiff realleges paragraphs 1-19 as if same were fully stated herein.

**21.**    Pursuant to 815 ILCS 205/2, the Plaintiff specifically requests the payment of statutory interest, with said interest accumulating and compounding continually since the date payment was first requested by the Plaintiff and wrongfully refused by the Defendants.

WHEREFORE, the Plaintiff, Liberty Insurance Corporation, prays for judgment against Defendant Employee Leasing Services, Inc., for the full statutory interest on the debt of $1,054,613.00, accumulating continually until paid, and all other relief this Honorable Court deems fair and just.

Respectfully submitted,

LIBERTY INSURANCE CORPORATION

By: _____ s/ James T. Barnes _____
One of its attorneys

James T. Barnes, Esq. (# 6211950)
Barnes, P.C.
431 South Dearborn Street
Suite 506
Chicago, IL 60605
(312) 939-5859